IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINNAMON TREE APARTMENTS,

      Plaintiff,

v.                                                    No. 1:21-cv-00869-MV-SCY

JOHN MAYTON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**REMANDING CASE TO METROPOLITAN COURT**

**THIS MATTER** comes before the Court on *pro se* Defendant's Response to Order to

Show Cause, Doc. 10, filed October 5, 2021.

Plaintiff filed a "Petition by Owner for Restitution" in Metropolitan Court, Bernalillo

County, on July 2, 2021.[1]  Plaintiff alleges that Defendant, who rents an apartment from Plaintiff,

breached the rental agreement by not paying rent and seeks immediate possession of the premises

and the unpaid rent.  Defendant removed the case, No. T-4-CV-2021-006231, from Metropolitan

Court to this Court.

Generally, "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States."  28 U.S.C. § 1441(a).

> Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all
> civil actions arising under the Constitution, laws, or treaties of the United States."
> "To determine whether [a] claim arises under federal law, [courts] examine the
> 'well[-]pleaded' allegations of the complaint and ignore potential defenses. . . ."
> Under the "well-pleaded complaint" rule, "a suit arises under federal law 'only

---

[1] Defendant did not include a copy of the Petition with his Notice of Removal.  The Court obtained
a copy of the Petition, which is attached to the Order to Show Cause, Doc. 5, filed September 13,
2021.

when the plaintiff's statement of his own cause of action shows that it is based' on federal law."   "By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court."

*Devon Energy Prod, Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012)

(citations omitted).

[A] federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence.

*Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

United States Magistrate Judge Steven C. Yarbrough notified Defendant that:

Defendant's contentions are not sufficient to establish that this Court has jurisdiction because: (i) a federal question does not appear on the face of the Petition; (ii) Plaintiff's right to restitution does not necessarily depend on resolution of a substantial question of federal law; and (iii) Defendant's reference to a federal defense, preemption by federal law, is not sufficient to invoke federal question jurisdiction.  Consequently, this case should be remanded to Metropolitan Court.

Order to Show Cause, Doc. 5, filed September 13, 2021.  Judge Yarbrough ordered Defendant to

show cause why the Court should not remand this case to Metropolitan Court, Bernalillo County,

for lack of jurisdiction.

In his Response to the Order to Show Cause, Defendant argues that Plaintiff "failed to

include indispensable and necessary parties to the underlying contractual action . . . namely the

HUDVASH Section 8 federal defendant and the Albuquerque Housing Authority" and that "this

lawsuit cannot be conducted without the inclusion of necessary parties."  Response at 1.

Defendant's contention that Plaintiff failed to include other parties to an underlying

contract that confers "a substantial federal property right" to Defendant does not establish that this

Court has jurisdiction.  *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir.

2011) ("That the defendant possesses a federal defense is not sufficient to invoke federal question

jurisdiction"); *Devon*, 693 F.3d at 1202 ("By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court)."

The Court remands this case to Metropolitan Court because Defendant has not met his burden of establishing that the Court has jurisdiction over this action.

**IT IS ORDERED** that this case is **REMANDED** to Metropolitan Court, Bernalillo County, State of New Mexico.

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to remand this case to Metropolitan Court, Bernalillo County, State of New Mexico.

_____
_UNITED STATES DISTRICT JUDGE

3